DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRACY HEIDER WINROW,**
Appellant,

v.

**THOMAS M. HEIDER,**
Appellee.

No. 4D21-3122

[May 24, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura C. Burkhart, Judge; L.T. Case No. 502018DR007745.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellant.

Thomas W. Walters of Thomas W. Walters, P.A., Boca Raton, for appellee.

ARTAU, J.

Tracy Heider Winrow ("Wife") appeals from the final judgment dissolving her marriage to Thomas Heider ("Husband"). She raises several issues on appeal, only one of which requires reversal. We agree with her that the trial court's distribution of fifty percent of the debt on a home equity line of credit ("HELOC"), taken out by Husband on real property classified in the parties' prenuptial agreement as his separate non-marital property, was contrary to the terms of the parties' agreement. We therefore reverse this aspect of the trial court's equitable distribution and remand for further proceedings.

Wife and Husband originally married in 1993, but divorced six years later. They remarried in January of 2014.

Prior to their second marriage, the parties entered into a prenuptial agreement. The agreement provided that the Shady Pond Lane property in Boca Raton ("the Shady Pond Property") would remain Husband's separate property with the accompanying right "to dispose of or encumber" it.

Husband testified that the HELOC debt encumbering the Shady Pond Property was incurred in his name alone in the fall of 2014 to pay for Wife's medical procedure. While Husband described the HELOC debt as a marital liability, his financial affidavit listed all encumbrances on the property as non-marital.

In the final judgment, the trial court found the parties' prenuptial agreement to be binding and enforceable. The trial court therefore determined that all property governed by the agreement would be distributed in accordance with its terms. Despite this determination, the trial court classified the HELOC debt as a marital debt and concluded that equity called for it to be split between the parties based on the purpose for which the proceeds of the loan were used. The trial court ordered Wife to make an equalization payment to Husband after distributing the HELOC debt.

Wife argues that the trial court reversibly erred in obligating her to pay any part of the HELOC debt. She asserts that the entirety of the HELOC debt, incurred in Husband's name alone, was non-marital debt belonging only to him pursuant to the terms of the prenuptial agreement. This court reviews these arguments de novo. *See Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986 (Fla. 2015) ("A trial court's interpretation of a prenuptial agreement is reviewed de novo, as such agreements are governed by the law of contracts." (internal quotation omitted)); *see also Mondello v. Torres*, 47 So. 3d 389, 392 (Fla. 4th DCA 2010) ("A trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review.").

The prenuptial agreement provided that the Shady Pond Property, with the right "to dispose of or encumber" it, would be Husband's separate non-marital property. Therefore, pursuant to the terms of the parties' prenuptial agreement, the trial court should have considered the entirety of the HELOC debt to be Husband's separate non-marital debt. *See, e.g., Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005) (valid prenuptial agreements are enforced just like any other contract).

Although the Husband elected to spend the amount he borrowed on marital expenses, the loan itself was incurred solely by him as non-marital debt against his separate non-marital property pursuant to the terms of the prenuptial agreement. In other words, the Husband's voluntary expenditure of the loan proceeds on marital expenses did not convert the loan itself into a marital debt.

Thus, while we affirm the trial court in all other respects, we reverse its erroneous equitable distribution of the HELOC debt. Because the

erroneous distribution to Wife of a portion of the HELOC debt necessarily impacted the amount of the equalization payment which the trial court ordered her to make to Husband, we direct the trial court on remand to recalculate the amount of that payment consistent with this opinion.

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., and GERBER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***